UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES CONRIZUEZ, Jr., | ) | 1:09-cv-01003 YNP DLB (HC) |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION TO STAY PETITION |
| v. | ) ) | [Doc. #10] |
| DERRAL G. ADAMS, Warden | ) ) | ORDER GRANTING PETITIONER LEAVE TO FILE AND AMENDED PETITION FOR |
| Respondent. | ) ) | WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 19, 2009, Petitioner filed a petition for writ of habeas corpus in the Central District of California. (Doc. #1.) The petition was transferred to the Eastern District of California on June 9, 2009. (Doc. #8.)

Petitioner asserted the following claims in his petition: Ground One, Trial counsel was ineffective in failing to object in a timely manner or to move in limine to exclude Petitioner's out-of-court statement, thereby violating his Fifth Amendment right to remain silent; Ground Two, Petitioner's right to due process was violated when the prosecutor misstated the reasonable doubt standard and vouched for the sole prosecution witness and Petitioner's right to affective assistance of counsel was denied when his attorney failed to object;" Ground Three, "cumulative prejudice amounted to a violation of [Petitioner]'s right to due process; Ground Four, "improper use of prison prior;" and Ground Five, "ineffective assistance of appellate counsel."  (Mem. P. & A., 2-3; Doc.

1  #2.)  Grounds Four and Five were, admittedly, unexhausted in State court.  (Pet., 7.)

2  On July 17, 2009, Petitioner field a motion to stay his petition while he exhausted Grounds
3  four and five in State court; Petitioner also requested the appointment of counsel.  (Doc. #10.)
4  Respondent opposed the motion on August 6, 2009.  (Doc. #13.)

5  Both parties have consented to the jurisdiction of the Federal Magistrate Judge for all matters
6  in this cause, including final disposition, pursuant to 28 U.S.C. § 636(c).

## DISCUSSION

8  The 9th Circuit has clearly specified two possible bases to stay a habeas petition.  King v.
9  Ryan, 564 F.3d 1133.  One basis is Rhines, under which, in limited circumstances and in the court's
10  discretion, a petition stayed and placed in abeyance while petitioner exhausts the unexhausted claims
11  in state court.  King,564 F.3d at 1135-36 (citing Rhines v. Webber, 544 U.S. 269 (2005)).  The
12  second basis for stay pursuant to the Kelly three-step procedure.  Under Kelly, a petitioner must first
13  amend his mixed petition to delete any unexhausted claims.  The court will stay and hold in abeyance
14  the amended, and now fully exhausted, petition while the petitioner exhausts the deleted claims in
15  state court.  The petitioner may then later amend his stayed petition to re-attach the now fully
16  exhausted claims.  King, 564 F.3d at 1135 (citing Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir.
17  2002)).

18  There are two important distinctions between Rhines and Kelly. First, Rhines stays and holds
19  in abeyance both the exhausted and unexhausted claims where as Kelly requires the petitioner to
20  delete the unexhausted claims and only stays and holds in abeyance the fully exhausted petition.
21  Thus under Kelly a petitioner must still re-attach his deleted claims within the original one year
22  statue of limitation.  King, 564 F.3d at 1138-39; 28 U.S.C. § 2244(d)(1).  A Rhines petitioner's
23  unexhausted claims are not subject to further running of the statute of limitation because his
24  unexhausted claims remain in federal court.  King, 564 F.3d at 1139, 1140 (citing Rhines, 544 U.S.
25  at 277).

26  The second difference is that Rhines requires a showing of good cause, while Kelly does not.
27  King, 564 F.3d at 1140.  Even though Kelly does not require a showing of good cause, the Court was
28  clear that the "district courts retain the same degree of discretion they had before Rhines to

1 implement the Kelly procedure..." King, 564 F.3d at 1141.

2     In this case, Petitioner readily admits that Grounds Four and Five are unexhausted and he
3 asks that his petition be stayed while he exhausts them.  Petitioner cites to Rhines and argues judicial
4 economy as good cause for the stay.  Respondent argues that Petitioner has not shown good cause as
5 to why he did not exhaust Grounds Four and Five with the other grounds alleged in the petition.  The
6 Court agrees with Respondent and finds that Petitioner has failed to make a showing of good cause
7 thereby precluding a stay under Rhines.

8     In light of the fact that Respondent has not filed and answer to the petition and that Petitioner
9 has filed a mixed petition, a stay under the Kelly procedure is appropriate.  Because the Kelly
10 procedure only stays fully exhausted petitions, Petitioner must first delete his unexhausted claims by
11 filing a First Amended Petition listing only those claims which are fully exhausted.  Petitioner can
12 then move to stay the petition while he exhausts his two unexhausted claims in State court.  The
13 Court notes that in proceeding with the Kelly procedure, Petitioner's unexhausted claims are still
14 subject to the one year AEDPA statute of limitations and statutory tolling cannot possibly take effect
15 until a petition has been properly filed in the State court.[1]

16 **ORDER**

17     Accordingly, IT IS HEREBY ORDERED that:

18     1.  Petitioner's motion to stay DENIED;

19     2.  Petitioner is granted leave to amend his petition for writ of habeas corpus and motion to
20 stay the amended petition within twenty (20) days of this order.

21     IT IS SO ORDERED.

22     Dated:   **March 4, 2010**          **/s/ Dennis L. Beck**
                                                                             UNITED STATES MAGISTRATE JUDGE

---

[1] This remark shall have no bearing on any future court ruling concerning the timeliness of a State or federal petition for writ of habeas corpus filed by Petitioner.