UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES CONRIQUEZ, JR.,

               Petitioner,

   v.

DERRAL G. ADAMS, Warden,

               Respondent.

)  1:09-cv—01003-SKO-HC
)
)  ORDER NOTING THAT THE FIRST
)  AMENDED PETITION (DOC. 18) WAS
)  TIMELY FILED
)
)  ORDER REQUIRING PETITIONER TO
)  SUBMIT WITHIN THIRTY (30) DAYS A
)  SIGNED DECLARATION CONCERNING THE
)  FIRST AMENDED PETITION
)
)  ORDER GRANTING PETITIONER'S
)  MOTION FOR STAY AND ABEYANCE
)  (DOC. 19)

ORDER DIRECTING PETITIONER TO
FILE STATUS REPORTS EVERY THIRTY
(30) DAYS

Petitioner is a state prisoner proceeding pro se with a
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to
the jurisdiction of the United States Magistrate Judge to conduct
all further proceedings in the case, including the entry of final
judgment, by manifesting their consent in writings signed by the
parties or their representatives and filed by Petitioner on

August 24, 2009, and on behalf of Respondent on August 18, 2009. Pending before the Court is Petitioner's motion for a stay of the proceedings in order to permit him to exhaust unexhausted claims in the courts of the state of California, filed on April 19, 2010. Respondent filed a response on May 11, 2010. No reply has been filed.

    I.  Background

    The original petition, which challenges a conviction suffered in the Superior Court of the County of Kern, State of California, was filed in the Central District of California on May 19, 2009, and was transferred to this Court on June 9, 2009.

    Petitioner filed a motion to stay the proceedings in July 2009, and Respondent opposed the motion. On March 5, 2010, the Court denied Petitioner's motion for a stay because with respect to two (2) out of the five (5) claims or grounds set forth in the petition, Petitioner admitted that he had not exhausted state court remedies. (Order 2, doc. 16.) Three (3) claims had been exhausted:  1) trial counsel was ineffective in failing to object timely or move to exclude Petitioner's out-of-court statement in violation of Petitioner's Fifth and Fourteenth Amendment rights to remain silent; 2) the prosecutor's misstating the reasonable doubt standard and vouching for the sole prosecution witness violated Petitioner's right to due process of law and constituted a denial of the right to the effective assistance of counsel; and 3) cumulative prejudice violated Petitioner's right to due process of law. (Id. 1.)

    The Court expressly concluded that because Petitioner had not demonstrated good cause why he had not exhausted claims four

2

(4) and five (5) (improper use of a prison prior and ineffective assistance of appellate counsel), it would not grant a discretionary stay of all claims that may be ordered upon a showing of good cause for having failed to exhaust state court remedies pursuant to Rhines v. Webber, 544 U.S. 269, 277 (2005). However, the Court found it appropriate for Petitioner to proceed pursuant to the "Kelly" procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), pursuant to which 1) the petitioner amends his mixed petition to delete any unexhausted claims; 2) the Court stays and holds in abeyance the amended, fully exhausted petition and allows the petitioner an opportunity to proceed to state court to exhaust the deleted claims; and 3) the petitioner later amends the petition and re-attaches the newly exhausted claims to the original petition. See, King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). Accordingly, the Court granted Petitioner leave to amend his petition for writ of habeas corpus and to file a motion to stay the amended petition within twenty (20) days. (Doc. 16, 3.)

II.  Timeliness of the Amended Petition

Petitioner filed the first amended petition for writ of habeas corpus, along with his request for a stay, on April 19, 2010. As Respondent acknowledges (Resp. 1-2) and review of the first amended petition (FAP) shows, Petitioner raised only the three (3) exhausted claims in the petition. However, Respondent notes that the FAP was filed on April 19, about twenty (20) days after the running of the thirty-day period set by the Court for filing the amended pleading and requesting a stay. (Id. 2.) Respondent does not assert that the FAP was untimely.

As Respondent states, the proof of service filed by Petitioner reflects that Petitioner deposited the FAP in the mail on March 24, 2010.  (Doc. 18 at 34.)  The Court understands Petitioner's declaration concerning deposit with the mails to reflect the date upon which Petitioner deposited the petition with the prison authorities.  The Court generally affords a habeas petitioner application of the mailbox rule as to all his habeas filings in state court and in this federal court.  Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the Court within limitations period).  Affording Petitioner the benefit of the mailbox rule, the Court concludes that the FAP, which was due to be filed on March 29, 2010, was timely filed when delivered to authorities on March 24, 2010.

III.  Order to Petitioner to Submit a Signed Declaration under Penalty of Perjury

A review of the FAP shows that Petitioner did not sign the first amended petition.

Local Rule 131 requires a document submitted to the Court for filing to include an original signature.  In addition, Rule 2 of the Rules Governing Section 2254 Cases (Habeas Rules) requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."

In light of the difficulty in having Petitioner submit a new habeas corpus petition, Petitioner is ORDERED to submit a

4

document stating that he submitted the first amended petition to the Court and to sign it under penalty of perjury.  The document should contain an original signature.  Petitioner is GRANTED thirty (30) from the date of service of this order to comply with the Court's directive.

Petitioner is forewarned that failure to comply with a Court order will result in dismissal of the petition pursuant to Local Rule 110.

IV.   <u>Petitioner's Motion for Stay</u>

The Court notes that Respondent has responded to Petitioner's motion for stay filed on April 19, 2010.  Respondent notes that the <u>Kelly</u> procedure often involves greater difficulty and risk in ultimately demonstrating the timeliness of later-included, unexhausted claims because the pendency of a federal habeas petition does not toll the running of the statute of limitations.  However, Respondent does not oppose the requested stay.

A district court has discretion to stay a petition which it may validly consider on the merits.  <u>Rhines v. Weber</u>, 544 U.S. 269, 276 (2005);  <u>King v. Ryan</u>, 564 F.3d 1133, 1138-39 (9th Cir. 2009).  A petition may be stayed either under <u>Rhines</u>, or under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).  <u>King v. Ryan</u>, 564 F.3d 1133, 1138-41 (9th Cir. 2009)  Under <u>Rhines</u>, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  <u>Rhines</u>, 544 U.S. at 276-77.  In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district

5

1  court determines there was good cause for the petitioner's

2  failure to exhaust his claims first in state court."  Id. at 277-

3  78.

4        In this case, Petitioner has failed to demonstrate good

5  cause for his failure to exhaust his claims first in state court

6  prior to raising them here.

7        A petition may also be stayed pursuant to the procedure set

8  forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th

9  Cir. 2003).  Under this three-step procedure: 1) the petitioner

10 files an amended petition deleting the unexhausted claims; 2) the

11 district court stays and holds in abeyance the fully exhausted

12 petition; and 3) the petitioner later amends the petition to

13 include the newly exhausted claims.  See, King v. Ryan, 564 F.3d

14 1133, 1135 (9th Cir. 2009).  However, the amendment is only

15 allowed if the additional claims are timely.  Id. at 1140-41.

16       In this case, Petitioner meets the qualifications for a

17 Kelly stay.  The FAP presents three (3) claims which he states

18 have been presented to the California Supreme Court and are

19 therefore exhausted.  Because the instant petition is already

20 exhausted, the first step is complete.

21       Therefore, the Court will stay the proceedings according to

22 the second step of the Kelly procedure.  Petitioner will be

23 instructed to file status reports of his progress through the

24 state courts.  Once the California Supreme Court renders its

25 opinion, provided the opinion is a denial of relief, Petitioner

26 must file an amended petition including all of his exhausted

27 claims.  He is forewarned that claims may be precluded as

28 untimely if they do not comport with the statute of limitations

set forth in 28 U.S.C. § 2244(d).

V.  Disposition

Accordingly, it is ORDERED that:

1) Petitioner is DIRECTED to submit to the Court no later than thirty (30) days after the date of service of this order a document that contains an original signature that is dated, and that is signed under penalty of perjury under the laws of the United States of America, stating that Petitioner submitted the first amended petition and that the allegations of fact set forth in the first amended petition are true and correct;

2) Petitioner's motion for stay of the proceedings is GRANTED pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

3) The proceedings are STAYED pending exhaustion of state remedies;

4) Petitioner is DIRECTED to file a status report of his progress in the state courts within thirty (30) days, and then every thirty (30) days thereafter until exhaustion is complete; and

5) Within thirty (30) days after the final order of the California Supreme Court, Petitioner MUST FILE an amended petition in this Court including all exhausted claims.

Petitioner is forewarned that failure to comply with this Order will result in the Court's vacating the stay.

IT IS SO ORDERED.

Dated:   July 12, 2010            /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE