UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONRIQUEZ, JR.,<br><br>            Petitioner,<br><br>     v.<br><br>DOMINGO URIBE, JR., Warden,<br><br>            Respondent. | 1:09-cv—01003-SKO-HC<br><br>ORDER SUBSTITUTING DOMINGO URIBE, JR., AS RESPONDENT (DOC. 39)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE FOURTH AND FIFTH CLAIMS OF THE SECOND AMENDED PETITION AS UNTIMELY (DOCS. 39, 34)<br><br>ORDER DISMISSING THE FOURTH AND FIFTH CLAIMS OF THE SECOND AMENDED PETITION AS UNTIMELY FILED   (DOC. 34)<br><br>ORDER DIRECTING RESPONDENT TO FILE A RESPONSE TO THE REMAINING CLAIMS IN THE SECOND AMENDED PETITION NO LATER THAN FORTY-FIVE (45) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the

parties or their representatives and filed by Petitioner on August 24, 2009, and on behalf of Respondent on August 18, 2009.

Pending before the Court is Respondent's motion to dismiss the fourth and fifth claims of the second amended petition (SAC), which was served by mail on Petitioner at the California State Prison at Centinela and filed on October 19, 2011, with supporting documentation. Petitioner did not file an opposition or a notice of non-opposition in response to the motion. Pursuant to Local Rule 230(l), the motion is submitted to the undersigned Magistrate Judge on the record and without oral argument.

I.   Substitution of Domingo Uribe, Jr., as Respondent

In this proceeding, the officer who has custody of the petitioner must be named as the respondent. 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules). This is because the respondent must have the power or authority to provide the relief to which a petitioner is entitled. Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004). A failure to name the proper respondent destroys personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Here, Petitioner had alleged in the first amended petition that his place of confinement was the California Substance Abuse Treatment Facility (CSATF) at Corcoran, California, and he named as Respondent Derral G. Adams. (Doc. 34, 1.) Thereafter, Petitioner filed a notice of change of address on September 9, 2011, reflecting that he moved to the California State Prison at Centinela (CEN) in Imperial, California, as of that date. (Doc.

36.)

In the motion to dismiss, which was served and filed slightly over a month after Petitioner filed the notice of change of address, Respondent states that the proper Respondent is Kathleen Allison, the Acting Warden of the CSATF. (Doc. 39, 1 n.1.) However, because Petitioner has indicated that his present institution of confinement is CEN, it does not appear that Acting Warden Allison is the proper respondent. The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden of CEN is presently Domingo Uribe, Jr.[1]

Fed. R. Civ. P. Rule 25(d) provides that a court may at any time order substitution of a public officer who is a party in an official capacity whose predecessor dies, resigns, or otherwise ceases to hold office.

The Court concludes that Domingo Uribe, Jr., Warden at CEN, is an appropriate respondent in this action. It will be ordered that pursuant to Fed. R. Civ. P. 25(d), Warden Uribe be substituted in place of James Walker.

II.  Proceeding by a Motion to Dismiss

Respondent has filed a motion to dismiss the petition on the ground that Petitioner filed his petition outside of the one-year limitation period provided for by 28 U.S.C. § 2244(d)(1).

Rule 4 of the Rules Governing Section 2254 Cases in the

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

3

United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. See, Hillery, 533 F. Supp. at 1194 & n.12.

In this case, Respondent's motion to dismiss addresses the untimeliness of two claims in the SAC pursuant to 28 U.S.C. 2244(d)(1). The material facts pertinent to the motion are found in copies of the official records of state judicial proceedings which have been provided by Respondent and Petitioner, and as to which there is no factual dispute. Because Respondent has not filed a formal answer, and because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss

pursuant to its authority under Rule 4.

III.   Background

In the original petition, Petitioner challenged his 2006 conviction of being an inmate in possession of a deadly weapon in violation of Cal. Pen. Code § 4502, and the sentence imposed pursuant to such conviction on May 1, 2007, in action number SF013296A in the Kern County Superior Court. (Doc. 1, 2.)

In the SAC, Petitioner purports to challenge a conviction of being an inmate in possession of a deadly weapon suffered on May 1, 2007, in the Los Angeles Superior Court. (SAC, doc. 34, 1.) However, he describes further proceedings in connection with the conviction as including applications to the Kern County Superior Court (KCSC) and the California Court of Appeal, Fifth Appellate District (DCA), with a DCA case number that corresponds to his appeal from the Kern County conviction. (Id. at 2, 7, 11.)

In view of this and the documentation submitted by Respondent that refers to the Kern conviction, the Court concludes that in the SAC, Petitioner mistakenly identified the court of conviction as Los Angeles, and that Petitioner is continuing to challenge his 2006 conviction and 2007 sentence imposed in the KCSC.

On May 1, 2007, Petitioner was sentenced after conviction for possession of a sharp instrument in violation of Cal. Pen. Code § 4502(a) and after having been found to have sustained two serious or violent prior convictions for purposes of California's Three Strikes Law, Cal. Pen. Code §§ 667(c)-(j), 1170.12(a)-(e).

5

1  (LD 2, 4.)[2]

2  On March 18, 2008, the DCA affirmed the conviction on direct appeal. (LD 1.)

4  On or about April 18, 2008, Petitioner filed a petition for review in the California Supreme Court (CSC). (LD 2.) The petition was summarily denied on May 21, 2008. (LD 3.)

7  Petitioner filed his initial federal habeas petition in the United States District Court, Central District of California on May 15, 2009.[3] (Doc. 1, 8.) The petition contained five claims, but Petitioner admitted that he had not exhausted his state court remedies as to the fourth claim concerning improper use of a prior conviction and the fifth claim concerning the allegedly ineffective assistance of appellate counsel. (Doc. 1, 7; doc. 2, 31-40.)

15  On June 9, 2009, the case was transferred to this Court. (Doc. 8.) In July 2009, Petitioner requested a stay of the petition to permit exhaustion of the unexhausted claims. (Doc. 10.)

19  On August 23, 2009, Petitioner filed a petition for writ of

---

[2] "LD" refers to documents lodged by Respondent in support of the motion.

[3] The dates on which Petitioner filed his pro se, post-conviction petitions for collateral relief are determined by application of the mailbox rule. Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)). It has been held that the date the petition is signed may be inferred to be the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

6

1  habeas corpus in the KCSC (LD 4, pet. form at 6), which was
2  denied on October 26, 2009 (id. at 1).
3       On January 25, 2010, Petitioner filed a petition for writ of
4  habeas corpus in the DCA.  (LD 5, pet. form at 6.)  The petition
5  was denied on June 2, 2010.  (LD 5, 1.)
6       In March 2010, Petitioner's motion to stay the petition in
7  this action without amendment of the petition was denied because
8  Petitioner had not shown good cause as required by Rhines v.
9  Weber, 544 U.S. 269 (2005).  Petitioner was granted leave to file
10 a first amended petition stating only fully exhausted claims and
11 to seek a stay of such a fully exhausted petition pursuant to
12 Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2002).  (Doc.
13 16.)
14      On March 24, 2010, Petitioner filed in this Court a first
15 amended petition (FAP) for writ of habeas corpus containing only
16 exhausted claims and a motion for a stay to permit exhaustion of
17 additional claims.  (Doc. 18, 34.)
18      On June 22, 2010, Petitioner filed a petition for writ of
19 habeas corpus in the CSC.  (LD 6, pet. form at 6.)  The petition
20 was summarily denied on February 16, 2011.  (LD 7.)
21      On July 12, 2010, during the pendency of the petition in the
22 CSC, Petitioner's motion to stay the fully exhausted FAP in this
23 Court was granted, and Petitioner filed periodic status reports
24 concerning exhaustion of the unexhausted claims.  (Doc. 21.)
25      After this Court dissolved the stay in this action and the
26 CSC denied the petition pending before it in February 2011,
27 Petitioner lodged in this Court the SAC on March 8, 2011, and it
28 was ordered filed on July 21, 2011.  (Docs. 32, 48; docs. 32-34.)

7

The SAC (doc. 34) contains not only the three previously exhausted claims, but also fourth and fifth claims concerning improper use of a prior conviction and the allegedly ineffective assistance of appellate counsel.

### IV.  Timeliness of the Fourth and Fifth Claims

Respondent moves to dismiss the recently exhausted fourth and fifth claims on the ground of untimeliness.

#### A.  The Statute of Limitations

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA applies to all petitions for writ of habeas corpus filed after the enactment of the AEDPA. Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner filed his original petition for writ of habeas corpus on May 15, 2009. Thus, the AEDPA applies to the petition.

The AEDPA provides a one-year period of limitation in which a petitioner must file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

8

or

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    B.   <u>Commencement of the Running of the Statutory Period</u>

It does not appear that 28 U.S.C. § 2244(d)(1)(B) through (D) are applicable in this case. Therefore, finality will be determined pursuant to § 2244(d)(1)(A).

Under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the petitioner. <u>Burton v. Stewart</u>, 549 U.S. 147, 156-57 (2007). The last sentence was imposed on Petitioner on May 1, 2007.

Under § 2244(d)(1)(A), a judgment becomes final either upon the conclusion of direct review or the expiration of the time for seeking such review in the highest court from which review could be sought. <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir. 2001). The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari. <u>Wixom</u>, 264 F.3d at 897 (quoting <u>Smith v. Bowersox</u>, 159 F.3d 345, 348 (8th Cir. 1998), <u>cert. denied</u>, 525

U.S. 1187 (1999)).  Neither party has indicated that Petitioner sought certiorari from the United States Supreme Court.

Here, Petitioner's direct criminal appeals in the state court system concluded when his petition for review was denied by the CSC on May 21, 2008.  The CSC's denial of the petition for review was final immediately upon filing.  Cal. Rules of Court, Rule 8.532(b)(2)(A).  The time permitted for seeking certiorari was ninety days.  Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

The Court will apply Fed. R. Civ. P. 6(a) in calculating the pertinent time periods.  See, Waldrip v. Hall, 548 F.3d 729, 735 n.2 (9th Cir. 2008), cert. denied, 130 S.Ct. 2415 (2010). Applying Fed. R. Civ. P. 6(a)(1)(A), the day of the triggering event is excluded from the calculation.  Thus, the ninety-day period commenced on May 22, 2008, the day following the finality of the judgment that resulted from the CSC's denial of review. Applying Fed. R. Civ. P. 6(a)(1)(B), which requires counting every day, the ninetieth day was August 19, 2008.  Thus, the judgment became final within the meaning of § 2244(d)(1)(A) on August 19, 2008.

Therefore, the one-year limitation period began to run on August 20, 2008, and concluded one year later on August 19, 2009. Fed. R. Civ. P. 6(a).

      C.   Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year

10

limitation period.  28 U.S.C. § 2244(d)(2).  Once a petitioner is on notice that his habeas petition may be subject to dismissal based on the statute of limitations, he has the burden of demonstrating that the limitations period was sufficiently tolled by providing the pertinent facts, such as dates of filing and denial.  Zepeda v. Walker, 581 F.3d 1013, 1019 (9th Cir. 2009) (citing Smith v. Duncan, 297 F.3d 809, 814-15 (9th Cir. 2002), abrogation on other grounds recognized by Moreno v. Harrison, 245 Fed.Appx. 606 (9th Cir. 2007)).

　　　Here, Petitioner's first state court petition for collateral review was the petition filed in the KCSC on August 23, 2009. Respondent correctly contends that Petitioner is not entitled to statutory tolling.  No statutory tolling is allowed for the period of time between the finality of an appeal and the filing of an application for post-conviction or other collateral review in state court because no state court application is "pending" during that time.  Nino v. Galaza, 183 F.3d 1003, 1006-1007 (9th Cir. 1999); Raspberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between the finality of an appeal and the filing of a federal petition.  Nino, 183 F.3d at 1007.  In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 533 U.S. 167, 172 (2001).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Here, the limitation period concluded on August 19, 2009. Thus, it had already run by the time Petitioner initiated his first state post-conviction collateral proceeding by filing a habeas petition in the KCSC on August 23, 2009. Accordingly, Petitioner has not shown that he is entitled to the benefit of statutory tolling.

In summary, Petitioner's original petition was filed on May 15, 2009, before the limitation period ran in August 2009. Thus, the original petition was timely filed. However, Petitioner's SAC was not filed until after the expiration of the limitation period.

### D. Timeliness of the Recently Exhausted Claims

Respondent argues that Petitioner's two recently exhausted claims are untimely because they do not "relate back" to the date of the timely filed initial petition.

A habeas petition "may be amended... as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Fed. R. Civ. P. 15 is applicable to habeas corpus proceedings. 28 U.S.C. § 2242; Fed. R. Civ. P. 81(a)(2); Habeas Corpus Rule 11; Mayle v. Felix, 545 U.S. 644, 655 (2005).

An amendment to a pleading relates back to the date of the original pleading when 1) the law that provides the applicable statute of limitations allows relation back, 2) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading, or 3) the amendment changes a party or the naming of a party under specified circumstances. Fed. R. Civ. P. 15(c)(1). In a habeas corpus case, the "original

12

pleading" referred to in Rule 15 is the petition. <u>Mayle v. Felix</u>, 545 U.S. at 655. A habeas petition differs from a complaint in an ordinary civil case, however. In ordinary civil cases, notice pleading is sufficient; however, Habeas Rule 2(c) requires that a habeas petition not simply meet the general standard of notice pleading, but rather specify all the grounds for relief available to the petitioner and state the facts supporting each ground. <u>Mayle v. Felix</u>, 545 U.S. at 655.

Relation back is appropriate in habeas cases where the original and amended petitions state claims that are tied to a common core of operative facts. <u>Mayle</u>, 545 U.S. at 664. The claims added by amendment must arise from the same core facts as the timely filed claims and must depend upon events not separate in "both time and type" from the originally raised episodes. <u>Mayle</u>, 545 U.S. at 657. Thus, the terms "conduct, transaction, or occurrence" in Fed. R. Civ. P. 15(c)(1)(B) are not interpreted so broadly that it is sufficient that a claim first asserted in an amended petition concerns the same trial, conviction, or sentence that was the subject of a claim in an original petition. <u>Mayle v. Felix</u>, 545 U.S. 656-57. In <u>Mayle</u>, the Court concluded that the petitioner's pretrial statements, which were the subject of an amended petition, were separated in time and type from a witness's videotaped statements, which occurred at a different time and place and were the basis of a claim in the original petition. Thus, relation back was not appropriate. <u>Mayle</u>, 545 U.S. at 657, 659-60.

Here, unexhausted claims set forth in the original petition were withdrawn or dismissed from a petition which included other,

exhausted claims. Once exhausted, the claims were the subject of an amendment to the pending petition. Although the proceedings were stayed pending exhaustion of the two unexhausted claims, the stay was not based on a showing of good cause pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Instead, the stay was granted pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Therefore, the stay did not protect the unexhausted claims from untimeliness while the Petitioner attempted to exhaust them. King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009). In such cases, to determine whether a claim relates back to an earlier claim, Mayle requires a comparison of the petitioner's new claims to the properly exhausted claims left pending, and not to the unexhausted claims in an earlier version of the petition that were subsequently dismissed for failure to exhaust. King v. Ryan, 564 F.3d at 1142.

Petitioner alleged the following claims in his original petition as to which state court remedies had been exhausted:[4] 1) admission at trial of Petitioner's out-of-court statement violated Miranda and Petitioner's Fifth Amendment right to remain silent, and trial counsel rendered ineffective assistance by failing to object to or move to exclude the statement; 2) the prosecutor committed prejudicial misconduct and violated Petitioner's right to due process of law by misstating the reasonable doubt standard and vouching for the sole prosecution witness, and Petitioner's trial counsel rendered ineffective assistance in failing to object and request that the jury be

---

[4] The petition includes the petition form and a separately docketed memorandum which actually sets forth the claims. (Doc. 1, 5-6; doc. 2, 2-3.)

14

admonished; and 3) cumulative prejudice resulting from the multiple instances of ineffective assistance of counsel violated Petitioner's right to due process of law. (Doc. 2, 1-31.)

The first claim which Petitioner sought to add to the SAC is that the trial court improperly used a prior conviction or abused its discretion in failing to strike a prior conviction because one of the prior convictions used by the court to increase Petitioner's sentence was found to be true at a court trial, and Petitioner had not been warned that the prior conviction could be used to enhance a sentence. (SAC, doc. 34, 37-45.) This claim concerns the conduct of the trial court in considering a motion concerning a prior conviction or prison term relevant to sentencing, or in relying on the prior conviction in sentencing Petitioner.

In contrast, the exhausted claims in the original petition all related to the conduct of trial counsel, which was alleged to have been ineffective in relation to objecting to the admission of evidence and prosecutorial misconduct. The claim concerning the prior conviction relates to the sentencing process, whereas the originally exhausted claims concerning counsel relate to the guilt phase of the trial. The two sets of claims depend on events separate in both time and type. The new claim concerning the trial court's consideration and use of the prior conviction and the exhausted claims concerning trial counsel's ineffective assistance did not arise out of the same conduct, transaction or occurrence. Cf., Hebner v. McGrath, 543 F.3d 1133, 1137-39 (9th Cir. 2008), cert. denied 129 S.Ct. 2791 (2009) (holding that a new claim concerning a due process violation based on jury

15

instructions concerning the standard of proof was not based on the same common core of operative facts as a claim concerning admission of testimony at the same trial; the later claim related to jury instructions, whereas the original claim related to the evidence introduced at trial). As the court in Hebner noted, pursuant to Habeas Rule 2(c), the facts underlying each claim must be set forth, and the relevant facts relating to the two claims before the court were separate and distinct. Thus, the claims involved separate occurrences. Id. at 1139.

The Court concludes that Petitioner's fourth claim concerning the sentencing court's use of the prior conviction does not relate back to Petitioner's originally filed petition.

The other claim in the SAC that Petitioner seeks to relate back to claims in the original petition is that appellate counsel was ineffective for failing to present on appeal the preceding argument concerning the prior conviction. (SAC, doc. 34, 45-46.) Although both the new claim concerning appellate counsel and the originally exhausted claims concerning trial counsel relate to the conduct of counsel, they relate to separate errors and to the conduct of separate attorneys at two distinct phases of the case. One claim relates to counsel's failure to raise objections to trial evidence and alleged prosecutorial misconduct that occurred during the guilt phase of the trial; the other relates to appellate counsel's failure to raise a sentencing issue during the appellate process. The main similarity among the claims is that they share the same legal theory of violation of the right to counsel by counsel's allegedly substandard omissions. In this sense, they concern alleged misfeasance of the same general type.

However, the events that form the basis of the claims are separate in both time and type. Each incident involved a separate set of facts supporting the grounds for relief, or a separate occurrence. Cf. Mayle v. Felix, 545 U.S. at 661. This is not sufficient to show a common core of facts.

The Court concludes that the claim concerning appellate counsel did not arise out of the same conduct or occurrence as the exhausted claims concerning trial counsel. Accord, United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (holding that a claim of ineffective assistance of counsel in failing to explain the consequences of a guilty plea did not relate back to a claim alleging a violation of due process based on the trial court's failure to advise the defendant of the same consequences); United States v. Duffus, 174 F.3d 333, 337 (3rd Cir. 1999) (holding that a claim of ineffective assistance of counsel in failing to move to suppress evidence did not relate back to a claim of ineffective assistance of counsel in failing to argue on appeal the insufficiency of the evidence to support the conviction); United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999) (holding that a claim of ineffective assistance of counsel predicated on the failure to file an appeal as instructed did not relate back to claims of ineffective assistance of counsel in failing to pursue a downward departure for substantial assistance, make objections in the trial proceedings, and challenge a prior state conviction).

In summary, although Petitioner's original petition was filed before the expiration of the limitation period of § 2244(d), his newly exhausted claims concerning alleged trial

court error concerning the prior conviction and the ineffective assistance of appellate counsel were filed after the running of the statute. The newly exhausted claims do not relate back to the initially exhausted claims that were timely filed and remained in the petition while the proceedings were stayed pending further exhaustion of state court remedies.

Therefore, the two newly exhausted claims were untimely filed. Respondent's motion to dismiss the two claims as untimely will be granted.

### V. Response to the SAC

On July 21, 2011, Respondent was directed to file a response to the SAC. (Doc. 33.) In response, Respondent filed the motion to dismiss addressed in this order.

Respondent will now be ordered to file a response to the claims that remain in the SAC. The response will be due no later than forty-five (45) days after the date of service of this order. Otherwise, the filing of the response and the traverse, if any, are to be in accordance with the terms of the Court's order of July 21, 2011.

### VI. Disposition

Accordingly, it is ORDERED that:

1) The Clerk SUBSTITUTE Domingo Uribe, Jr., Warden of the California State Prison at Centinela, as Respondent; and

2) Respondent's motion to dismiss the fourth claim concerning the prior conviction and the fifth claim concerning appellate counsel's allegedly ineffective assistance in not raising the prior conviction issue is GRANTED; and

3) Petitioner's fourth claim concerning the prior

conviction and fifth claim concerning the ineffective assistance of appellate counsel are DISMISSED as untimely filed; and

  4) Respondent is DIRECTED to file no later than forty-five (45) days after the date of service of this order a response to the remaining claims in the SAC in accordance with the directions of the Court in the Court's order of July 21, 2011 (doc. 33).

IT IS SO ORDERED.

**Dated: January 3, 2012**       **/s/ Sheila K. Oberto**
                  UNITED STATES MAGISTRATE JUDGE